## IN THE CIRCUIT COURT OF MARYLAND FOR BALTIMORE CITY

| | |
|---|---|
| **PETER SILVA** <br> 14216 Pleasant Point Lane <br> Jacksonville, FL 32225 <br><br> Plaintiff, <br><br> v. <br><br> **BALTIMORE WATERPROOFING, INC.** <br> 6914 Golden Ring Road <br> Baltimore, MD 21237 <br><br> Serve on: Resident Agent <br> Michael Paul Smith <br> 143 Main Street <br> Reisterstown, MD 21136 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * Case No. 24C22002868 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### COMPLAINT
### and
### PRAYER FOR JURY TRIAL

Plaintiff Peter Silva, through undersigned counsel, brings this complaint against Defendant Baltimore Waterproofing, Inc. and states as follows:

### PARTIES

1. At all relevant times, Peter Silva was a resident of Frederick County, Maryland, and resided at 11723 Good Intent Road, Keymar, MD 21757.

2. Upon information and belief, at all relevant times, Baltimore Waterproofing, Inc. was a corporation, organized and existing under the laws of the State of Maryland.

### JURISDICTION AND VENUE

3. Jurisdiction over Defendant Baltimore Waterproofing, Inc. is proper pursuant to, *inter alia*, MD. CODE ANN. CJP § 6-103(b)(1-3), because it regularly transacts business in,

performs work or services in, contracts to supply services in, and caused tortious injury by an act or omission in the State of Maryland.

4. Venue as to Defendant Baltimore Waterproofing, Inc. is proper pursuant to, *inter alia*, MD. CODE ANN. CJP § 6-201(a), because it regularly carries on business in Baltimore City, Maryland.

5. Venue as to Baltimore Waterproofing, Inc. is proper pursuant to MD. CODE ANN. CJP § 6-201(b) because the cause of action arose in Baltimore City, Maryland.

6. Venue as to Baltimore Waterproofing, Inc. is proper pursuant to MD. CODE ANN. CJP § 6-202(8) because this is a tort action and the cause of action arose in Baltimore City, Maryland.

**FACTS**

7. Upon information and belief, AHP Construction, LLC, ("Armada Hoffler") was the general contractor for the Wills Wharf 15-107 project located in Harbor East in Baltimore City, Maryland.

8. Upon information and belief, Henry J. Knott Masonry, Inc. ("HJK") was a subcontractor to Armada Hoffler on the Wills Wharf construction project.

9. Upon information and belief, Baltimore Waterproofing, Inc., was a subcontractor to Armada Hoffler on the Wills Wharf construction project.

10. Mr. Silva was employed by HJK as a masonry foreman between about 1987 and March 5, 2021.

11. On or about July 24, 2019, Mr. Silva was working as a foreman for HJK on the Wills Wharf construction project.

12. That same day, Baltimore Waterproofing was performing waterproofing or roofing work on the Wills Wharf project several stories above where Mr. Silva was working.

13. A Baltimore Waterproofing employee failed to properly secure an approximately 10-pound roll of masking material above the area where Mr. Silva was working.

14. Among other reasons, because Baltimore Waterproofing and its employees were not exercising ordinary care, the 10-pound masking material was allowed to fall from Baltimore Waterproofing's area of control, resulting in injury to Mr. Silva.

15. The masking material fell several stories, and struck Mr. Silva in the upper-mid back and knocked him to his knees.

16. Mr. Silva was unable to get up off the ground without assistance.

17. Mr. Silva reported to Frederick Memorial Hospital later that afternoon.

18. Thereafter, Mr. Silva sought additional treatment from multiple other health care providers and worked hard to recover from his injuries.

19. Before his injury, Mr. Silva was in excellent physical condition for his age.

20. But when Mr. Silva returned to work, first on July 29, 2019 and on other dates thereafter, his pain prevented him from performing his job duties and his back pain continued to worsen.

21. Because of his injuries, Mr. Silva missed significant time from work.

22. On March 5, 2021, despite Mr. Silva's best efforts and commitment to return to work, HJK ultimately fired him because of his job performance following his injury.

23. Since being fired, Mr. Silva – who has worked in the construction industry for 45 years and as a mason for over 35 years – has been unable to find comparable employment because of his ongoing injuries.

24. Mr. Silva's lost time at work and subsequent inability to find comparable work have caused him to lose wages and suffer financial distress and loss.

## COUNT I – NEGLIGENCE
(Baltimore Waterproofing, Inc.)

25. Mr. Silva incorporates by reference the foregoing allegations is if fully set forth herein.

26. Upon information and belief, all Baltimore Waterproofing agents, servants, or employees were acting within the course and scope of their employment.

27. Mr. Silva's injuries were caused by the recklessness, negligence, and carelessness of Defendant Baltimore Waterproofing.

28. Baltimore Waterproofing, among other things, had a duty to:

   a. establish a control zone when working above other contractors, such as Mr. Silva;
   b. coordinate with HJK when working above an HJK crew;
   c. take reasonable precautions to prevent its work materials from falling onto people who were working in the area below Baltimore Waterproofing;
   d. take reasonable and necessary safety precautions;
   e. properly train and supervise its employees;
   f. properly develop, implement, and enforce appropriate protocols and procedures for performing work above others; and
   g. select employees who were competent and fit to perform waterproofing and roofing duties and to perform work above others.

29. Baltimore Waterproofing, breached these duties and was otherwise reckless, negligent, and careless.

30. Because of Baltimore Waterproofing's recklessness, negligence, and carelessness, the 10-pound masking material fell multiple stories and forcefully struck Mr. Silva in the back, knocking him to the ground, and seriously and permanently injuring him.

31. Mr. Silva's injuries and damages occurred as a direct and proximate result of the breaches of the duties owed by Baltimore Waterproofing.

32. As a result of the force of being struck by the masking material, Mr. Silva suffered and sustained and will continue to suffer and sustain serious, painful, and permanent injuries in and about his body and limbs, and was otherwise seriously injured and damaged.

33. The injuries and damages of which Mr. Silva complains were caused by the negligence of Baltimore Waterproofing without any negligence or want of due care on the part of Mr. Silva.

34. As a result of and in addition to his bodily injuries, Mr. Silva was caused to incur substantial medical expenses, lost wages, lost his job, suffered significant financial distress and was otherwise injured and damaged.

**WHEREFORE**, Plaintiff, Peter Silva, demands judgment against Defendant Baltimore Waterproofing, Inc. in an amount in excess of $75,000, plus pre and post-judgment interest, and all costs and for such other and further relief as this Court deems equitable and just.

## COUNT II – NEGLIGENCE
(Respondeat Superior - Baltimore Waterproofing, Inc.)

35. Mr. Silva incorporates by reference the foregoing allegations is if fully set forth herein.

36. Upon information and belief, all relevant Baltimore Waterproofing agents, servants, or employees were acting within the course and scope of their employment at all relevant times related to the occurrence.

37. Mr. Silva's injuries were caused by the recklessness, negligence, and carelessness of Defendant Baltimore Waterproofing's agents, servants, or employees.

38. Baltimore Waterproofing is responsible for the negligent acts or omissions of its agents, servants, or employees while they are acting in the course and scope of their employment.

39. Baltimore Waterproofing's agents, servants, or employees, among other things, had a duty to:

   a. establish a control zone when working above other contractors, such as Mr. Silva;

   b. coordinate with HJK when working above an HJK crew;

   c. take reasonable precautions to prevent their work materials from falling onto people working in the area below Baltimore Waterproofing;

   d. take reasonable and necessary safety precautions;

   e. properly train and supervise its employees;

   f. properly develop, implement, and enforce appropriate protocols and procedures for performing work above others; and

   g. select employees who were competent and fit to perform waterproofing and roofing duties and to perform work above others.

40. Baltimore Waterproofing's agents, servants, or employees, breached these duties and were otherwise reckless, negligent, and careless.

41. Because of Baltimore Waterproofing's agents, servants, or employees recklessness, negligence, and carelessness, the 10-pound masking material fell multiple stories and forcefully struck Mr. Silva in the back, knocking him to the ground, and seriously and permanently injuring him.

42. Mr. Silva's injuries and damages occurred as a direct and proximate result of the breaches of the duties owed by Baltimore Waterproofing's agents, servants, or employees.

43. As a result of the force of being struck by the masking material, Mr. Silva suffered and sustained and will continue to suffer and sustain serious, painful, and permanent injuries in and about his body and limbs, and was otherwise seriously injured and damaged.

44. The injuries and damages of which Mr. Silva complains were caused by the negligence of Baltimore Waterproofing without any negligence or want of due care on the part of Mr. Silva.

45. As a result of and in addition to his bodily injuries, Mr. Silva was caused to incur substantial medical expenses, lost wages, lost his job, suffered significant financial distress and was otherwise injured and damaged.

46. Baltimore Waterproofing is responsible for the consequences of the complained of breach of duties owed by its agents, servants, or employees, which were committed while they were acting in the course and scope of their employment by Baltimore Waterproofing.

**WHEREFORE**, Plaintiff, Peter Silva, demands judgment against Defendant Baltimore Waterproofing, Inc. in an amount in excess of $75,000, plus pre and post-judgment interest, and all costs and for such other and further relief as this Court deems equitable and just.

Thomas J. Whiteford, CPF No. 9212170257
James R. Jeffcoat, CPF No. 1212120073
WHITEFORD, TAYLOR & PRESTON LLP
Seven St. Paul Street, Suite 1500
Baltimore, Maryland 21202-1636
T: 410.347.8700
twhiteford@wtplaw.com
jjeffcoat@wtplaw.com
*Attorneys for Plaintiff Peter Silva*